```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/19
```

GUILLERMO CAMPOS, et al.,

      Plaintiffs,

  -against-

MIDTOWN AUTO CARE SERVICE INC., et al.,

      Defendants.

18-CV-4936 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter dated May 20, 2019 (Joint Ltr.) (Dkt. No. 55), seeking approval of their proposed Settlement Agreement and Release (Agreement) (Dkt. No. 55-1), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Midtown Auto Care Service Inc., S.T.A. Parking Corp., Vertical Parking Systems LLC, Michael Zacharias, and Kathleen McLeod to pay a total of $395,000 to settle this action. Ag. ¶ 1(a). Of that sum, $262,631.05 will be distributed among plaintiffs Guillermo Campos, German Escobar, Vinicio Redrovan, Luis Vasconez, Eduardo Figueroa, Henry Redrovan, Manuel Del Rio, and Alexander Atuana, in amounts ranging from $10,621.12 (for plaintiff Redrovan) to $57,819.33 (for plaintiff Campos), in full settlement of plaintiffs' Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims, while $132,368.95 will to go plaintiffs' attorneys. *See* Rider to Settlement Agreement (Dkt. No. 55-1) at ECF p. 14.

The Agreement contains mutual releases, whereby plaintiffs release defendants from all claims "relating to the claims set forth in the Action" or "regarding unpaid or improperly paid wages." Ag. ¶ 2(a). Defendants in turn release plaintiffs from claims "arising out of or in any way connected with Plaintiffs' relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever,

known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiffs committed or omitted prior to the date of this Agreement and Release." *Id.* ¶ 2(b). Neither release affects or limits "any claims that may arise after the date Plaintiffs sign [the] Agreement." *Id.* ¶ 2(d).

The Agreement also contains a non-disparagement clause, which prohibits plaintiffs from making any "*false* statement[s]" about defendants that "would or could be construed as derogatory, disparaging, or defamatory." *Id.* ¶ 8(a) (emphasis added). The Agreement contains no confidentiality clause.

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199.

The proposed attorney's fee award is also reasonable. Plaintiffs' attorneys will recover $1,053.43 in costs, *see* Joint Ltr. at 4 n.1, and receive another $131,315.50 in fees, which represents 33% of the net settlement payment. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Beckert v. Rubinov,* 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (when calculating a percentage-of-the-fund award, "the appropriate denominator is the total settlement *net* of costs") (emphasis in the original).

While the proposed attorney's fee award "represents a figure of roughly 3.59 times" plaintiffs' counsel's calculation of their lodestar ($36,585.00), Joint Ltr. at 5, that fact, standing alone, does not render the award inappropriate. Plaintiffs' counsel in FLSA cases may "seek a premium over their lodestar when they are successful." *Pinguil v. We are all Frank, Inc.*, 2018 WL

2

2538218, at *5 n.4 (S.D.N.Y. May 21, 2018) (Moses, M.J.) (collecting cases). Such a premium recognizes that "lawyers working on contingency accept a risk of nonpayment with each case." *Id.* (citation omitted). Moreover, in this case the settlement is substantial and appears to be a good result for the plaintiffs: the parties jointly represent that the amount of the settlement ($395,000) approaches the amount of plaintiffs' maximum possible recovery in this action (which they calculate to be $404,500). Joint Ltr. at 2. Counsel's efficiency in resolving this case on such terms, early in the litigation, "should not be penalized where, as here, it has produced a fair result." *Pinguil.*, 2018 WL 2538218, at *5 n.4 (citation omitted). *See also Pinzon v. Jony Food Corp.*, 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (approving an award of attorney's fees based on a lodestar multiplier of 5.23, after referring to it as "on the high end of those generally allowed in this Circuit").

    Accordingly, the proposed settlement is APPROVED.

Dated: New York, New York  
       May 21, 2019

**SO ORDERED**.

_____

**BARBARA MOSES**  
**United States Magistrate Judge**